UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN A.,

               Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. 3:24-cv-05182-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 5.

After considering and reviewing the record, the Court concludes that the Administrative Law Judge ("ALJ") harmfully erred by finding Plaintiff not disabled. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings.

//

ORDER ON PLAINTIFF'S COMPLAINT - 1

## I. PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) was denied initially and following reconsideration. AR 113–32. Plaintiff's hearing was held before ALJ Charlie Johnson ("the ALJ") on April 4, 2023. AR 29–76. On May 31, 2023, the ALJ issued a written decision in which the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 7–28. After the Appeals Council denied Plaintiff's request for review, Plaintiff appealed the ALJ's decision by filing a Complaint in this Court on March 7, 2024. AR 1–6; Dkt. 5. Defendant filed the sealed administrative record regarding this matter on May 6, 2024. Dkt. 8.

## II. BACKGROUND

Plaintiff was born in 1991 and was 28 years old on the alleged date of disability onset of June 24, 2020. AR 12, 22. Plaintiff has a 10th grade education, and most recently worked in a lumber mill in 2020. AR 258, 273–274. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairment of a history of epilepsy and bipolar disorder, current episode, depressed, severe with psychotic features. AR 12. However, the ALJ found Plaintiff was not disabled because he had the following RFC:

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he must avoid concentrated exposure to hazards such an unprotected heights and dangerous moving machinery. He can tolerate simple, routine, and repetitive tasks.

AR 14.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: whether the ALJ (1) properly evaluated the medical evidence; (2) properly evaluated Plaintiff's testimony; (3) properly evaluated the lay witness testimony; and (4) erred by omitting limitations in the RFC related to Plaintiff's schizophrenia. Dkt. 10 at 1.

**A.    Assessment of Medical Opinions**

For applications filed on or after March 27, 2017, the Administration has directed ALJs to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c). Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a). The Ninth Circuit has concluded that the "revised social security regulations are clearly irreconcilable with [its] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

Dr. Weiss completed a Psychological/Psychiatric Evaluation of Plaintiff on behalf of the Washington State Department of Social and Health Services on April 28, 2021. AR 842. Plaintiff complained of a history of mood fluctuations, including a recent bout of depression, difficulty concentrating, and auditory hallucinations. *Id.* Plaintiff noted that he was arrested for burglary in 2020 and was treated for 45 days at Western State Hospital before he was released with a referral

1 to mental health court. AR 842. Plaintiff reported spending most days lying in bed and watching
2 TV but denied suicidal ideation. AR 843.

3       Dr. Weiss observed that Plaintiff presented with a depressed mood and dysthymic affect.
4 AR 845. Dr. Weiss found Plaintiff had poor concentration because he was unable to perform
5 "serial sevens." AR 845. Dr. Weiss also noted that Plaintiff's fund of knowledge was outside
6 normal limits. *See id*. ("Client knew the colors in the American flag and the shape of a ball.
7 However, when asked how many weeks are in a year, he replied 'don't know about 80,' and
8 when asked in what direction the sun sets, he replied 'South.'"). Dr. Weiss also marked
9 Plaintiff's perception as outside normal limits because Plaintiff reported having auditory
10 hallucinations. *Id.*

11       Dr. Weiss concluded that Plaintiff had severe limitations on his ability to perform
12 activities within a schedule, maintain regular attendance, and be punctual within customary
13 tolerances without special supervision, and to complete a normal workday and work week
14 without interruptions from psychologically based symptoms. AR 843–44. He found marked
15 limitations on Plaintiff's ability to communicate and perform effectively in a work setting and set
16 realistic goals and plan independently, along with four other moderate limitations. *Id.*

17       The ALJ found Dr. Weiss's opinion "somewhat" persuasive, rejecting the marked and
18 severe limitations and finding them inconsistent with treatment records. AR 20–21. Specifically,
19 the ALJ reasoned that Plaintiff's mental status exams were "unremarkable" with "no passive or
20 active suicidal ideation, intent, plan, no homicidal ideation and no paranoia, delusions, [or]
21 obsessions and his insight and judgment [were] normal." AR 21 (citing AR 941–970). The ALJ's
22 reasoning was not supported by substantial evidence.

23
24

ORDER ON PLAINTIFF'S COMPLAINT - 4

The records cited by the ALJ in rejecting Dr. Weiss's opinion are largely from between March 23, 2022, and May 27, 2022. AR 947–970. These records include two mental status exams indicating that Plaintiff lacked suicidal ideation, had no paranoia or delusions, and maintained good insight and judgment. AR 953, 964. These records also show, however, that Plaintiff consistently endorsed depression, anxiety, restlessness, and poor concentration. AR 959, 961, 962, 963, 965. Further, Plaintiff was often very reserved or otherwise not cooperative with treatment providers during this period. *See* AR 956 (Plaintiff "appeared very quiet and annoyed"); AR 958 (Plaintiff "remains very quiet in session, answering questions minimally"); AR 970 ("[Plaintiff] was exceptionally quiet today and made no eye contact whatsoever.").

A review of the entire record further reveals that Plaintiff regularly experienced paranoia and delusions. *See* AR 364 (presenting with "expansive mood, tangential thought form, and paranoid delusions"); AR 383 (Plaintiff described symptoms as "disorganized thought and behavior and delusions," noting that he "didn't understand the whole court process" and "didn't think it was real"); AR 592 (endorsing delusions and hallucinations); AR 374 (denying delusions but endorsing feelings of paranoia); AR 928 ("delusions that he's being followed."). Other records show grossly or mildly impaired judgment and insight. AR 364, 374, 435. And although Plaintiff generally denied suicidal or homicidal ideation, records from around the time of his arrest demonstrate these he may have in fact been suffering from these symptoms *in addition to* severe hallucinations, poor insight and judgment. *See* AR 625 (Plaintiff made homicidal and suicidal statements, smeared feces on the window of his jail door, had no insight to his symptoms, was "difficult to redirect and often tangential," and stated "he hear[d] the voice of 'Michael the Arc Angel'").

ORDER ON PLAINTIFF'S COMPLAINT - 5

1    Numerous examinations and observations in the record, including those cited by the ALJ,

2  support Dr. Weiss's opined limitations. Although the ALJ identified benign findings in two

3  mental status exams during a two-month period, he failed to explain "why he considered the

4  normal results more significant" than the abnormal results supporting the opinion. *Alexander M.*

5  *v. Commissioner of Social Security*, No. C21-254-BAT, 2021 WL 3758145, at *3 (W.D. Wash.

6  Aug. 25, 2021). This was error. *See Richard D. v. Comm'r of Soc. Sec.*, No. 3:22-CV-5124-

7  DWC, 2022 WL 4354815, at *9 (W.D. Wash. Sept. 20, 2022) (an ALJ must not 'cherry-pick'

8  certain observations without considering their context) (citing *Reddick v. Chater*, 157 F.3d 715,

9  722-23 (9th Cir. 1998)). The lack of record support for the ALJ's decision is especially

10 significant considering that Plaintiff's bipolar disorder is "episodic in nature, affecting [him] on

11 some days and not others." *Stephanie M. v. Saul*, No. 20-CV-01711-MMA-BGS, 2022 WL

12 1037112, at *19 (S.D. Cal. Apr. 6, 2022), *report and recommendation adopted sub nom.*

13 *Stephanie M. v. Kijakazi*, No. 20-CV-1711-MMA (BGS), 2022 WL 1214708 (S.D. Cal. Apr. 25,

14 2022) (citing *Smith v. Saul*, 820 F. App'x 582, 585 (9th Cir. 2020)).

15   Accordingly, the ALJ erred by rejecting Dr. Weiss' conclusions about Plaintiff's marked

16 and severe limitations.

17 **B.    Remaining Medical Opinions and Testimony**

18   Plaintiff also objects to the ALJ's assessment of medical opinions from Drs. Wheeler,

19 Anderson, and Gollogly, Plaintiff's testimony as well as lay witness statements from Plaintiff's

20 mother and the mental health court coordinator supervising Plaintiff's case. Dkt. 10 at 4–7.

21   The Court notes that the ALJ did not evaluate the lay witness statement of Plaintiff's

22 mother at all. This was error. *See Heather P. v. Kijakazi*, No. 3:20-cv-1978-SI, 2022 WL

23 1538654, at *8 (D. Or. May 16, 2022) ("[T]he new regulations do not do away with the ALJ's

24

ORDER ON PLAINTIFF'S COMPLAINT - 6

obligation to address lay witness testimony altogether. Instead, it only clarifies that the ALJ does not need to use the new standards for evaluating medical opinion evidence when evaluating non-medical source lay testimony."). "That an ALJ can disregard or reject relevant lay evidence for no reason is inconsistent with the Commissioner's obligation to consider such evidence, and the rule the ALJ must provide some rationale in order for the Court to meaningfully determine whether the ALJ's conclusions are free of legal error and supported by substantial evidence." *Gary J.D. v. Comm'r of Soc. Sec.*, No. C22-1821-BAT, 2023 WL 5346621, at *14 (W.D. Wash. Aug. 21, 2023).

The Court has reviewed Plaintiff's remaining arguments but declines to reach them as the Court has already determined that remand is necessary, and Plaintiff's RFC must be reevaluated for the reasons given above. *See* Social Security Ruling 96-8p, (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

### IV.   CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this order. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 1st day of October, 2024.

Grady J. Leupold
United States Magistrate Judge